```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
JOSEPH EBIN, YERUCHUM JENKINS, et al. :
                                       :      13 Civ. 2311 (JSR)
     Plaintiffs,                       :
                                       :      MEMORANDUM ORDER
     -v-                               :
                                       :
KANGADIS FOOD INC. d/b/a THE GOURMET   :
FACTORY,                               :
                                       :
     Defendant.                        :
----------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

    Lead plaintiffs Joseph Ebin and Yeruchum Jenkins bring this consumer class action against defendant Kangadis Food Inc., doing business as The Gourmet Factory ("Kangadis"), asserting causes of action for breach of express warranty and breach of the implied warranty of merchantability under New Jersey law, violation of the New Jersey Consumer Fraud Act, violation of the New York General Business Law § 349, and fraud and negligent representation under New York and New Jersey law. All of plaintiffs' claims relate to Kangadis's alleged practice of selling containers of Capatriti-branded "100% Pure Olive Oil" that actually contain an industrially processed substance known as "olive-pomace oil" or "pomace."

    On February 24, 2014, after reviewing letter briefing from both parties concerning the matter, the Court approved, with modest changes, Plaintiffs' Proposed Notice of Pendency of Class Action and Proposed Schedule for Dissemination of Notice ("Class Notice"). Defendant Kangadis now moves for reconsideration of the Court's

1

approval of the Class Notice, specifically with regard to paragraph 1(B)(2), which provides in relevant part that plaintiffs' counsel shall send to Capatriti's retailers and distributors a "Short Form" notice "together with a cover letter directing them to post it at retail locations where [Capatriti] was sold." Class Notice Order dated February 24, 2014, at 3.

Defendant Kangadis contends that this Court does not have the authority to direct independent third party retailers and distributors to post such notices. Putting aside the fact that this theory, which could have been raised in earlier briefing but was not, is not a valid ground for reconsideration, the Court finds the argument unconvincing. *See, e.g.*, Local Civil Rule 6.3; *National Union Fire Ins. Co. of Pittsburgh, PA. v. Stroh Companies, Inc.*, 265 F.3d 97, 105 (2d Cir. 2001) (rejecting an argument first raised in a motion for reconsideration as untimely). District courts have frequently required the posting of a notice poster at the stores of third party retailers. *See, e.g.*, *Galvan v. KDI Distrib., Inc.*, 2011 WL 5116585 (C.D. Cal. Oct. 25, 2012). More generally, Rule 23 provides that the Court has a duty to notify class members of the suit through "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In practice, providing the "best notice that is practicable" at times requires participation from third parties, especially where, as in this case, it requires limited effort and expense for the

2

third parties. Furthermore, if the third parties have objections, they can raise them when they receive the direction to post the notice. Kangadis has no standing to raise this on their behalf.

For the foregoing reasons, the Court hereby denies defendant's motion to reconsider.

SO ORDERED.

Dated:  New York, NY
        March 19, 2014

JED S. RAKOFF, U.S.D.J.

3